WILLIAM C. DURANT, PLAINTIFF, v. BENJAMIN BLOCK, J. HORACE BLOCK, WILLIAM B. ANDERSON, ALFRED L. ROSENER, ALBERT F. STRAIGHT, WILLIAM B. GILES AND BERNARD MILLER, CO-PARTNERS, TRADING UNDER THE FIRM NAME AND STYLE OF BENJAMIN BLOCK & COMPANY, DEFENDANTS.

Decided November 20, 1933.

For the motion, *Perkins, Drewen & Nugent.*

Opposed, *Applegate, Stevens, Foster & Reussille.*

LAWRENCE, C. C. J. This suit was instituted by plaintiff against defendants to recover damages for an alleged conversion of certain stocks and other securities pledged by him with

defendants (stock brokers) in margin accounts carried by them for him. The action was submitted to the court without a jury, and, on the evidence offered at the trial, in a finding of facts and determination incorporated in a preliminary *postea,* it was found that plaintiff was entitled to recover of defendants for the improper sale of stocks from the accounts on October 11th, 1930, and October 14th, 1930. It appeared that defendants had proceeded to close the accounts, selling in the meantime certain stocks therein. When they were closed on November 7th, 1930, there remained due defendants as a deficit $71,367.04, for which they counter-claimed in the suit. At the time the accounts were closed, defendants still held as pledged and unsold seventy-five thousand shares of Durant Motors, Incorporated, a promissory note for $150,000 and some stock of Loew's Incorporated. The promissory note was returned to plaintiff and defendants in writing offered to retain the Durant motors stock, which at the time had sufficient value, that is to say, a price on the exchange, in liquidation of the deficit. Resting upon what he conceived to be his legal right to damages resulting from the improper sale of the stocks in the accounts as indicated, he made no reply to defendants' offer other than to state that he intended to maintain his position. The result was that the unsold Durant motors and other stock remained in the custody of defendants, evidently held as secruity for the deficit remaining when the accounts were closed. These pledged stocks steadily depreciated in market value thereafter, owing to the prevailing depression, and now have little or no value. This was the status of the parties and the accounts in question at the time the present suit was brought.

In the finding of facts, determination and rule for judgment, the court added:

"Judgment may be entered in accordance herewith, but since it will be necessary to ascertain the amount of the damages to which plaintaiff is entitled under the rule stated, which will be deducted from the sum representing the deficit when the accounts were closed on November 7th, 1930, as set up in defendants' counter-claim, if the parties cannot

agree thereon by stipulation, application may be made to the court to settle the same, or if that be found impracticable, a reference will be directed. A supplemental or amended *postea* will be signed on the determination of this phase of the litigation, to the end that final judgment may be entered thereon."

Plaintiff now moves to have the court fix the value of the unsold stock in the accounts when the latter were closed on November 7th, 1930, and as of that date, upon the theory that defendants converted them, and that he should have their value then included in the damages to be awarded him. In other words, it is suggested that he is not now obliged to take such stocks back. The motion obviously cannot prevail for the reason that the court found no conversion of the stocks remaining in the accounts after they were closed. The only damages to which plaintiff is entitled are those arising from the improper sales of October 11th and 14th, 1930. The sales thereafter made to and including November 7th, 1930, were found to have been regular, under the margin contract existing between the parties. The stocks in question did not lose their character as pledged stock and defendants had the right to retain them pending the adjustment or payment of the deficit, in accordance with the recognized rules of law. *Meyer, Law of Stock Brokers and Stock Exchanges (Ed.* 1931)*, p.* 313, § 65,; *p.* 359, § 78; *p.* 403, § 96; *Bardsley* v. *First National Bank, &c., Montclair,* 111 *N. J. L.* 512, 518; 168 *All. Rep.* 665. Plaintiff had it in his power, had he seen fit, to have ordered the sale of the stock at the time and thus have saved it from loss or depreciation. But this he did not do. The motion, in the circumstances, must be denied.

Since final judgment should be entered in this litigation, the court now fixes Saturday, December 9th, 1933, at ten A. M., at the county court house, Freehold, as the time and place when and where it will consider the amount of damages to which plaintiff is entitled and to have included in a supplemental *postea* to be signed and also the sum which defendants may have stated therein as covering the deficit in question following the closing of the accounts.